## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| ABBVIE INC. (a Delaware corporation); <br> ALLERGAN, INC. (a Delaware corporation); <br> DURATA THERAPEUTICS, INC. (a Delaware corporation); <br> ABBVIE PRODUCTS LLC (a Georgia limited liability company); <br> PHARMACYCLICS LLC (a Delaware limited liability company); <br> ALLERGAN SALES, LLC (a Delaware limited liability company), <br><br>       Plaintiffs, <br><br> v. <br><br> DREW H. WRIGLEY, in his official capacity as the Attorney General of North Dakota; <br> TANYA L. SCHMIDT, in her official capacity as Board President of the North Dakota Board of Pharmacy; <br> CAROLYN BODELL, in her official capacity as Member of the North Dakota Board of Pharmacy; <br> TYLER G LANNOYE, in his official capacity as Member of the North Dakota Board of Pharmacy; <br> SHANE R. WENDEL, in his official capacity as Member of the North Dakota Board of Pharmacy; <br> KEVIN J. OBERLANDER, in his official capacity as Member of the North Dakota Board of Pharmacy; <br> DIANE HALVORSON, in her official capacity as Member of the North Dakota Board of Pharmacy; <br> RON HORNER, in his official capacity as Member of the North Dakota Board of Pharmacy; and <br> MARK J. HARDY, in his official capacity as Executive Director of the North Dakota Board of Pharmacy, <br><br>       Defendants. | Civil No. 1:25-cv-00081 |

## ANSWER TO THE COMPLAINT WITH AFFIRMATIVE DEFENSE

Drew H. Wrigley, in his official capacity as Attorney General of North Dakota, Tanya L.

Schmidt, in her official capacity as Board President of the North Dakota Board of Pharmacy,

Carolyn Bodell, Tyler G. Lannoye, Shane R. Wendel, Kevin J. Oberlander, Diane Halvorson, and

Ron Horner, in their official capacities as members of the North Dakota Board of Pharmacy, and

Mark J. Hardy in his official capacity as Executive Director of the North Dakota Board of

Pharmacy file this Answer to the Complaint dated April 10, 2025, filed in this matter by Plaintiffs AbbVie Inc., Allergan, Inc., Durata Therapeutics, Inc., AbbVie Products LLC,  Pharmacyclics LLC, and Allergan Sales, LLC ("Plaintiffs"). Any allegation in the Complaint that is not specifically admitted herein is denied.

## PRELIMINARY STAEMENT[1]

1.      Defendants admit that AbbVie and its affiliated Plaintiff entities bring this lawsuit to challenge the constitutionality of H.B. 1473. Defendants admit that H.B. 1473 was recently enacted as a law of the State of North Dakota. The remaining allegations in Paragraph 1 of the Complaint are characterizations of a statute, which speak for itself, or legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the remaining allegations in Paragraph 1.

2.      The allegations in Paragraph 2 of the Complaint contain legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 2.

3.      Defendants lack sufficient knowledge or information to admit or deny the allegations in the first sentence of Paragraph 3 of the Complaint. The remaining allegations in Paragraph 3 are characterizations of a statute, which speak for itself, or legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the remaining allegations in Paragraph 3 to the extent that they are inconsistent with the statute that they purport to summarize.

4.      The allegations in Paragraph 4 of the Complaint are characterizations of a statute,

---

[1] The section headings from Plaintiff's Complaint are included in this Answer only for organizational purposes.  To the extent an answer is required to the Complaint section headings, Defendants deny that the sections heading characterizations support the relief sought.

which speaks for itself, or legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 4 to the extent that they are inconsistent with the statute that they purport to summarize.

5.      The allegations in Paragraph 5 of the Complaint are characterizations of a statute, which speaks for itself, or legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 5 to the extent that they are inconsistent with the relevant statute and decision that they purport to summarize.

6.      The allegations in Paragraph 6 of the Complaint are characterizations of a statute, which speaks for itself, or legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 6 to the extent that they are inconsistent with the statute that they purport to summarize.

7.      Defendants deny the allegations in Paragraph 7 of the Complaint.

8.      Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 8 of the Complaint relating to AbbVie's involvement in other commercial arrangements. The remaining allegations in Paragraph 8 contain legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny that the allegations in Paragraph 8 support the relief sought in the Complaint.

9.      Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 9 of the Complaint relating to manufacturer's motivations for adopting certain policies. The remaining allegations in Paragraph 9 contain legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the remaining allegations in Paragraph 9.

10.      Defendants lack sufficient knowledge or information to admit or deny the

allegations in the first sentence of Paragraph 10 of the Complaint. The remaining allegations in Paragraph 10 of the Complaint contain characterizations of a judicial decision and legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the remaining allegations in Paragraph 10 to the extent that they are inconsistent with the statute and decision that they purport to summarize.

11.    The allegations in Paragraph 11 of the Complaint contain characterizations of a judicial decision and legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 11 of the Complaint to the extent that they are inconsistent with the decision that they purport to summarize.

12.    Defendants admit that North Dakota enacted H.B. 1473. The remaining allegations in Paragraph 12 of the Complaint purport to summarize legal proceedings, to which no response is required, and allegations regarding the motivations of other states, to which Defendants lack sufficient knowledge or information to admit or deny.

13.    Defendants admit that H.B. 1473 contains the quoted text in Paragraph 13 of the Complaint, without the emphasis supplied by the Complaint. The remaining allegations in Paragraph 13 contain characterizations of the statute and legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 13 to the extent that they are inconsistent with the statute they purport to characterize.

14.    The allegations in Paragraph 14 of the Complaint contain legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 14.

15.    The allegations in the first, second, and fourth sentences of Paragraph 15 of the Complaint contain legal conclusions to which no response is required. To the extent a response is

deemed required, Defendants deny the allegations in the first, second, and fourth sentences of Paragraph 15 of the Complaint. The allegations in the third sentence purport to summarize the litigation position of the federal government, which speaks for itself, and to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in the third sentence of Paragraph 15 support the relief sought in the Complaint.

16.     Defendants admit that H.B. 1473 contains the quoted text in Paragraph 16 of the Complaint. The remaining allegations in Paragraph 16 are legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the remaining allegations in Paragraph 16.

17.     The allegations in Paragraph 17 of the Complaint contain legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 17.

18.     Defendants admit that H.B. 1473 contains the quoted text in Paragraph 18 of the Complaint, without the emphasis supplied by the Complaint. The remaining allegations in Paragraph 18 are legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the remaining allegations in Paragraph 18.

19.     Defendants deny that H.B. 1473 contains the quoted text in the fourth sentence of Paragraph 19 of the Complaint.  Defendants admit that H.B. 1473 contains the quoted text in the fifth sentence of Paragraph 19. The remaining allegations in Paragraph 19 are legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the remaining allegations in Paragraph 19.

20.     The allegations in Paragraph 20 purport to summarize the relief that Plaintiffs are seeking in this litigation, to which no response is required. To the extent a response is deemed

required, Defendants deny that Plaintiffs are entitled to the relief sought in the Complaint.

## PARTIES TO THE ACTION

21.    Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 21 of the Complaint. The allegations in footnote 1 contain characterizations of an executive order and press release, which speak for themselves and for which no response is required. To the extent a response is deemed required, Defendants deny the allegations in footnote 1 to the extent that they are inconsistent with the order and press release that they purport to summarize.

22.    Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 22 of the Complaint.

23.    Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 23 of the Complaint

24.    Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 24 of the Complaint.

25.    Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 25 of the Complaint.

26.    Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 26 of the Complaint

27.    Defendants admit the lawsuit was brought against Drew H. Wrigley in his official capacity as Attorney General of North Dakota. The remaining allegations in Paragraph 27 purport to summarize statutes and include legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the remaining allegations in Paragraph 27 to the extent that they are inconsistent with the statutes that they purport to summarize.

28.     Defendants admit that the lawsuit was brought against Defendants Tanya L. Schmidt, Mark J. Hardy, Carolyn Bodell, Tyler G. Lannoye, Shane R. Wendel, Kevin J. Oberlander, Diane Halvorson, and Ron Horner, who serve the North Dakota Board of Pharmacy in the various capacities listed in the Complaint. The remaining allegations in Paragraph 28 include legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the remaining allegations in Paragraph 28 to the extent that they are inconsistent with the statutes that they purport to summarize.

## JURISDICTION AND VENUE

29.     The allegations in Paragraph 29 of the Complaint are legal conclusions to which no response is required.

30.     The allegations in Paragraph 30 of the Complaint are legal conclusions to which no response is required.

31.     The allegations in Paragraph 31 of the Complaint are legal conclusions to which no response is required.

32.     Defendants admit that at least some Defendants maintain offices in Bismarck, which is within this District. To the extent that Paragraph 32 includes factual allegations about Plaintiffs' sales and distributions in this District, Defendants lack sufficient information or knowledge to admit or deny those allegations. The remaining allegations in Paragraph 32 are legal conclusions to which no response is required.

## GENERAL ALLEGATIONS

33.     Defendants admit that this case purports to implicate section 340B of the federal Public Health Service Act. The remaining allegations in Paragraph 33 of the Complaint are legal conclusions to which no response is required.

34.     The allegations in Paragraph 34 of the Complaint contain legal conclusions to which no response is required and purport to summarize a law review article, which speaks for itself and to which no response is required. The Defendants deny the allegations in Paragraph 34 to the extent that they are inconsistent with the law review article that they purport to summarize.

35.     The allegations in Paragraph 35 of the Complaint consist of legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 35 to the extent that they are inconsistent with the statutes and legislative material they purport to summarize.

36.     The allegations in Paragraph 36 of the Complaint include legal conclusions and purport to characterize various statutory provisions and judicial decisions, which speak for themselves, and to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 36 to the extent that they are inconsistent with the legal material they purport to summarize.

37.     The allegations in Paragraph 37 of the Complaint include legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 37 to the extent that they are inconsistent with the legal material they purport to summarize.

38.     The allegations in Paragraph 38 of the Complaint include legal conclusions and characterizations of a judicial decision, which speak for themselves, and to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 38 to the extent they are inconsistent with the legal material they purport to summarize.

39.     The allegations in Paragraph 39 of the Complaint include legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the

allegations in Paragraph 39 of the Complaint to the extent that they are inconsistent with the legal material they purport to summarize.

40.    The allegations in the first sentence of Paragraph 40 of the Complaint contain legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in the first sentence of Paragraph 40 of the Complaint to the extent that they are inconsistent with the legal material they purport to summarize. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 40.

41.    The allegations in Paragraph 41 of the Complaint purport to summarize a document that speaks for itself and to which no response is required. To the extent that a response is required to the underlying assertions made in the referenced document, Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 41.

42.    The allegations in Paragraph 42 of the Complaint consist of legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 42.

43.    The allegations in Paragraph 43 of the Complaint consist of legal conclusions and characterizations of a statute to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 43 to the extent that they are inconsistent with the statute they purport to summarize.

44.    The allegations in Paragraph 44 of the Complaint consist of legal conclusions and characterizations of a statute to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 44 to the extent that they are inconsistent with the statute they purport to summarize.

45.    The allegations in Paragraph 45 of the Complaint consist of legal conclusions and

characterizations of a statute to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 45 to the extent that they are inconsistent with the statute they purport to summarize.

46.    The allegations in Paragraph 46 of the Complaint consist of legal conclusions and characterizations of a statute and agency rules and regulations to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 46 to the extent they are inconsistent with the statutes, rules, and regulations they purport to summarize.

47.    The allegations in Paragraph 47 of the Complaint consist of legal conclusions and characterizations of a judicial decision to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 47 to the extent that they are inconsistent with the statute and decision they purport to summarize.

48.    The allegation in Paragraph 48 of the Complaint is a legal conclusion to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 48 to the extent it is inconsistent with the statute it purports to characterize.

49.    The allegations in Paragraph 49 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 49 to the extent that they are inconsistent with the statute they purport to summarize.

50.    The allegations in Paragraph 50 of the Complaint characterize an agency guidance document, which speaks for itself, and to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 50 to the extent that they are inconsistent with the guidance they purport to summarize.

51.    The allegations in Paragraph 51 of the Complaint consist of legal conclusions to which no response is required.

52.     The allegations in Paragraph 52 of the Complaint consist of legal conclusions and characterizations of an agency guidance document, which speaks for itself, and to which no response is required. To the extent that a response is deemed required, Defendants deny the allegations in Paragraph 52 to the extent that they are inconsistent with the materials they purport to summarize.

53.     The allegations in Paragraph 53 of the Complaint consist of legal conclusions and characterizations of an agency guidance document, which speaks for itself, and to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 53 to the extent that they are inconsistent with the materials they purport to summarize.

54.     The allegations in Paragraph 54 of the Complaint purport to summarize various publications, which speak for themselves, and to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 54 to the extent that they are inconsistent with the publications that they purport to summarize, and Defendants otherwise lack sufficient knowledge or information to admit or deny the conclusions or inferences drawn from or referenced by those publications.

55.     The allegations in Paragraph 55 of the Complaint purport to summarize various publications, which speak for themselves, and to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 55 to the extent that they are inconsistent with the publications that they purport to summarize, and Defendants otherwise lack sufficient knowledge or information to admit or deny the conclusions or inferences drawn from or referenced by those publications.

56.     The allegations in Paragraph 56 of the Complaint purport to summarize a

publication, which speaks for itself, and to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 56 to the extent that they are inconsistent with the publication they purport to summarize, and Defendants otherwise lack sufficient knowledge or information to admit or deny the conclusions or inferences drawn from or referenced by those publications.

57. Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 57 of the Complaint.

58. Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 58 of the Complaint.

59. Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 59 of the Complaint.

60. The allegations in Paragraph 60 of the Complaint purport to summarize testimony and a government document, which speak for themselves, and to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 60 to the extent that they are inconsistent with the testimony and the government document, and Defendants otherwise lack sufficient knowledge or information to admit or deny the conclusions drawn from the underlying testimony and government publication.

61. The allegations in Paragraph 61 of the Complaint purport to summarize testimony and a legal document, which speak for themselves, and to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 61 to the extent that they are inconsistent with the testimony and the legal document, and Defendants otherwise lack sufficient knowledge or information to admit or deny the conclusions drawn from the underlying testimony and legal document.

62.     The allegations in Paragraph 62 of the Complaint purport to summarize a legal document, which speaks for itself, and to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 62 to the extent that they are inconsistent with the legal document, and Defendants otherwise lack sufficient knowledge or information to admit or deny the conclusions drawn from the underlying legal document.

63.     The allegations in Paragraph 63 of the Complaint purport to summarize and characterize various publications and a judicial decision, which speak for themselves, and to which no response is required. To the extent a respond is deemed required, Defendants deny the allegations in Paragraph 63 to the extent that they are inconsistent with the underlying source material, and Defendants otherwise lack sufficient knowledge or information to admit or deny the conclusions drawn from that source material.

64.     The allegations in Paragraph 64 of the Complaint purport to summarize and characterize a statute and administrative guidance, which speak for themselves, and to which no response is required. To the extent a respond is deemed required, Defendants deny the allegations in Paragraph 64 to the extent that they are inconsistent with the underlying source material, and Defendants otherwise lack sufficient knowledge or information to admit or deny the conclusions drawn from that source material.

65.     The allegations in Paragraph 65 of the Complaint purport to summarize and characterize a statute and administrative guidance, which speak for themselves, and to which no response is required. To the extent a respond is deemed required, Defendants deny the allegations in Paragraph 65 to the extent that they are inconsistent with the underlying source material, and Defendants otherwise lack sufficient knowledge or information to admit or deny the conclusions drawn from that source material.

66.    Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 66 of the Complaint.

67.    The allegations in Paragraph 67 of the Complaint purport to summarize and characterize Congress's intent and a report, which speak for themselves, and contain legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 67 to the extent that they are inconsistent with the underlying source material, and Defendants otherwise lack sufficient knowledge or information to admit or deny the conclusions drawn from that source material.

68.    The allegations in Paragraph 68 of the Complaint purport to summarize and characterize a report, which speaks for itself, and to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 68 to the extent that they are inconsistent with the underlying source material, and Defendants otherwise lack sufficient knowledge or information to admit or deny the conclusions drawn from that source material.

69.    The allegations in Paragraph 69 of the Complaint purport to summarize and characterize a report, which speaks for itself, and contain legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 69 to the extent that they are inconsistent with the underlying source material, and Defendants otherwise lack sufficient knowledge or information to admit or deny the conclusions drawn from that source material.

70.    The allegations in Paragraph 70 of the Complaint purport to summarize and characterize various articles and reports, which speak for themselves, and contain legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 70 to the extent that they are inconsistent with the

underlying source material, and Defendants otherwise lack sufficient knowledge or information to admit or deny the conclusions drawn from that source material.

71.    The allegations in Paragraph 71 of the Complaint purport to summarize and characterize a report, which speaks for itself, and contain legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 71 to the extent that they are inconsistent with the underlying source material, and Defendants otherwise lack sufficient knowledge or information to admit or deny the conclusions drawn from that source material.

72.    The allegations in Paragraph 72 of the Complaint purport to summarize and characterize various letters and articles, which speak for themselves, and contain legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 72 to the extent that they are inconsistent with the underlying source material, and Defendants otherwise lack sufficient knowledge or information to admit or deny the conclusions drawn from that source material.

73.    The allegations in Paragraph 73 of the Complaint purport to summarize and characterize various publications, which speak for themselves, and contain legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 73 to the extent that they are inconsistent with the underlying source material, and Defendants otherwise lack sufficient knowledge or information to admit or deny the conclusions drawn from that source material.

74.    The allegations in Paragraph 74 of the Complaint purport to summarize and characterize a publication, which speaks for itself, and contain legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations

in Paragraph 74 to the extent that they are inconsistent with the underlying source material, and Defendants otherwise lack sufficient knowledge or information to admit or deny the conclusions drawn from that source material.

75.    The allegations in Paragraph 75 of the Complaint consist of legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 75 of the Complaint.

76.    Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 76 of the Complaint.

77.    The allegations in Paragraph 77 of the Complaint include legal conclusions to which no response is required and purport to summarize and characterize a letter and statutory term, which speak for themselves and to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 77 to the extent that they are inconsistent with the source material, and Defendants otherwise lack sufficient knowledge or information to admit or deny the allegations in Paragraph 77 of the Complaint.

78.    Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 78 of the Complaint.

79.    Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 79 of the Complaint.

80.    The allegations in Paragraph 80 of the Complaint consist of characterizations of judicial decisions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 80 to the extent that they are inconsistent with the decisions referenced, and Defendants otherwise lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 80 relating to AbbVie's policies.

81.    The allegations in Paragraph 81 of the Complaint include legal conclusions to which no response is required. Defendants otherwise lack sufficient knowledge or information to admit or deny the allegations in Paragraph 81.

82.    The allegations in Paragraph 82 of the Complaint purport to summarize and characterize a report, which speaks for itself, and otherwise contain legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 82 to the extent that they are inconsistent with the source material.

83.    The allegations in Paragraph 83 of the Complaint purport to summarize and characterize an advisory opinion, which speaks for itself, and otherwise contain legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 83 to the extent that they are inconsistent with the advisory opinion.

84.    Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 84 of the Complaint.

85.    Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 85 of the Complaint, which also contain legal conclusions, and purport to summarize a judicial decision to which no response is required.

86.    The allegations in Paragraph 86 of the Complaint purport to summarize legal documents, which speak for themselves, and to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 86 of the Complaint to the extent that they are inconsistent with those legal documents.

87.    The allegations in Paragraph 87 of the Complaint purport to summarize and characterize a judicial decision, which speaks for itself, and otherwise contain legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the

allegations in Paragraph 87 to the extent that they are inconsistent with that decision.

88.     The allegations in Paragraph 88 of the Complaint purport to summarize and characterize a judicial decision, which speaks for itself, and otherwise contain legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 88 to the extent that they are inconsistent with that decision.

89.     The allegations in Paragraph 89 of the Complaint purport to summarize and characterize a judicial decision, which speaks for itself, and otherwise contain legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 89 to the extent that they are inconsistent with that decision.

90.     The allegations in Paragraph 90 of the Complaint purport to summarize and characterize a judicial decision, which speaks for itself, and otherwise contain legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 90 to the extent that they are inconsistent with that decision.

91.     The allegations in Paragraph 91 purport to characterize various State laws and the status of various cases, which speak for themselves, and otherwise contain legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 91 to the extent that they are inconsistent with the underlying source material. Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 91 relating to the motivations of States and manufacturers in other litigation.

92.     The allegations in Paragraph 92 of the Complaint purport to summarize and characterize a judicial decision and the challenged North Dakota law, which speak for themselves, and otherwise contain legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 92 to the extent that they are

inconsistent with that judicial decision. Defendants also deny the implicit allegation in Paragraph 92 that the challenged North Dakota law is unconstitutional.

93.    The allegations in Paragraph 93 of the Complaint purport to summarize and characterize a judicial decision and the challenged North Dakota law, which speak for themselves, and otherwise contain legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 93 to the extent that they are inconsistent with that judicial decision.  Defendants also deny the implicit allegation in Paragraph 93 that the challenged North Dakota law is unconstitutional.

94.    The allegations in Paragraph 94 of the Complaint purport to summarize the status of various unnamed cases, which would speak for themselves, and to which no response is required. To the extent a response is deemed required, Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 94.

95.    The allegations in Paragraph 95 of the Complaint purport to summarize and characterize various judicial decisions and the challenged North Dakota law, which speak for themselves, and otherwise contain legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 95 to the extent that they are inconsistent with that judicial decision.  Defendants also deny the implicit allegation in Paragraph 95 that the challenged North Dakota law is unconstitutional.

96.    Defendants admit that H.B. 1473 was introduced in the North Dakota House on January 17, 2025; passed by the North Dakota House on February 21, 2025; passed by the North Dakota Senate on March 25, 2025; was signed by the North Dakota Governor April 4, 2025; and is scheduled to become effective August 1, 2025. Defendants otherwise deny the allegations in allegations in Paragraph 96 of the Complaint.

97.     The allegations in Paragraph 97 of the Complaint purport to characterize provisions of H.B. 1473, which speak for themselves, and contain legal conclusions to which no response is required. To the extent a response is deemed required, Defendants admit that the cited provisions of H.B. 1473 contain the quoted language but deny any allegations or suggestions that the quoted language in Paragraph 97 renders the statute unconstitutional.

98.     The allegations in Paragraph 98 of the Complaint purport to characterize a provision of H.B. 1473, which speaks for itself, and contain legal conclusions to which no response is required. To the extent a response is deemed required, Defendants admit that the cited provision of H.B. 1473 contains the quoted language but deny any allegations or suggestions that the quoted language in Paragraph 98 renders the statute unconstitutional.

99.     The allegations in Paragraph 99 of the Complaint purport to characterize provisions of H.B. 1473 and multiple judicial decisions, which speak for themselves, and contain legal conclusions to which no response is required. To the extent a response is deemed required, Defendants admit that the cited provisions of H.B. 1473 contain the quoted language but deny any allegations or suggestions that the quoted language in Paragraph 99 renders the statute unconstitutional, and deny the allegations in Paragraph 99 to the extent that they are inconsistent with the referenced judicial decisions.

100.    The allegations in Paragraph 100 of the Complaint purport to characterize a provision of H.B. 1473, which speaks for itself, and contain legal conclusions to which no response is required. To the extent a response is deemed required, Defendants admit that the cited provision of H.B. 1473 contains the quoted language but deny any allegations or suggestions that the quoted language in Paragraph 100 renders the statute unconstitutional.

101.    The allegations in Paragraph 101 of the Complaint purport to characterize a

provision of H.B. 1473, which speaks for itself, and contain legal conclusions to which no response is required. To the extent a response is deemed required, Defendants admit that the cited provision of H.B. 1473 contains the quoted language but deny any allegations or suggestions that the quoted language in Paragraph 101 renders the statute unconstitutional.

102.    The allegations in Paragraph 102 of the Complaint purport to characterize a provision of H.B. 1473 and a judicial decision, which speak for themselves, and contain legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny any allegations or suggestions that the characterized language in Paragraph 102 renders the statute unconstitutional and deny the allegations in Paragraph 102 to the extent that they are inconsistent with the referenced judicial decision.

103.    The allegations in Paragraph 103 of the Complaint purport to characterize a provision of H.B. 1473, which speaks for itself, and contain legal conclusions to which no response is required. To the extent a response is deemed required, Defendants admit that the cited provision of H.B. 1473 contains the quoted language but deny any allegations or suggestions that the quoted language in Paragraph 103 renders the statute unconstitutional.

104.    The allegations in Paragraph 104 of the Complaint purport to characterize provisions of H.B. 1473 and multiple judicial decisions, which speak for themselves, and contain legal conclusions to which no response is required. To the extent a response is deemed required, Defendants admit that the cited provisions of H.B. 1473 contain the quoted language but deny any allegations or suggestions that the quoted language in Paragraph 104 renders the statute unconstitutional and deny the allegations in Paragraph 104 to the extent that they are inconsistent with the referenced judicial decisions.

105.    The allegation in Paragraph 105 of the Complaint is a legal conclusion to which no

response is required. To the extent a response is deemed required, Defendants deny the allegation.

106.    The allegations in Paragraph 106 of the Complaint purport to characterize a provision of H.B. 1473 and multiple State laws, which speaks for themselves, and contain legal conclusions to which no response is required. To the extent a response is deemed required, Defendants admit that the Attorney General and State Board of Pharmacy each have presumptive enforcement authorities in relation to H.B. 1473.

107.    The allegations in Paragraph 107 of the Complaint consist of legal conclusions to which no response is required. To the extent a response is deemed required, Defendants lack sufficient information to admit or deny what Plaintiffs would do in the absence of the challenged statute. Defendants deny any allegations or suggestions in the final sentence of Paragraph 107 that H.B. 1473 is unconstitutional.

108.    The allegations in the first two sentences of Paragraph 108 of the Complaint consist of legal conclusions to which no response is required. To the extent a response is deemed required to those allegations, Defendants deny the allegations. Defendants lack sufficient information or knowledge to admit or deny the allegations in the final two sentences of Paragraph 108.

109.    The allegations in Paragraph 109 of the Complaint purport to characterize H.B. 1473, which speaks for itself, and contain legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 109.

110.    The allegations in Paragraph 110 of the Complaint purport to characterize H.B. 1473, which speaks for itself, and contain legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 110.

**[ALLEGED] BASIS FOR INJUNCTIVE RELIEF**

111.    The allegations of Paragraph 111 of the Complaint purport to characterize judicial

decisions and contain legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations to the extent that they are inconsistent with the judicial decisions they purport to characterize.

112.    The allegations of Paragraph 112 of the Complaint purport to characterize a judicial decision and contain legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations to the extent that they are inconsistent with the judicial decision that they purport to characterize and deny the allegation that H.B. 1473 is unconstitutional.

113.    The allegations of Paragraph 113 of the Complaint purport to characterize judicial decisions and contain legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations to the extent that they are inconsistent with the judicial decisions they purport to characterize.

114.    The allegations in Paragraph 114 purport to summarize a report, which speaks for itself, and include legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations to the extent that they are inconsistent with the report they purport to summarize, and Defendants otherwise lack sufficient information or knowledge to admit or deny the allegations in Paragraph 114 of the Complaint.

115.    The allegations in Paragraph 115 of the Complaint purport to summarize documents and decisions, which speak for themselves, and contain legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants deny the allegations to the extent that they are inconsistent with their source material.

116.    The allegations in Paragraph 116 of the Complaint purport to characterize judicial decisions and a legal treatise, which speak for themselves, and contain legal conclusions to which

no response is required. To the extent a response is deemed required, Defendants deny the allegations to the extent that they are inconsistent with the materials they purport to characterize. Defendants deny the allegations in Paragraph 116 that H.B. 1473 is unconstitutional.

117.    The allegations in Paragraph 117 of the Complaint purport to characterize judicial decisions and contain legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations to the extent that they are inconsistent with the decisions they purport to characterize. Defendants deny the allegation in Paragraph 117 that the State would not suffer harm if its laws were not enforced and deny the suggestion that the State does not have a legitimate state interest for enacting the challenged law.

118.    The allegations in Paragraph 118 of the Complaint purport to characterize judicial decisions and contain legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations to the extent that they are inconsistent with the decisions they purport to characterize and deny that the public interest would be served through the granting of injunctive relief that restrains the State from enforcing its laws.

**FIRST CLAIM FOR RELIEF**
**[Alleged] Violation of Takings Clause, U.S. Const. amend. V, cl. 4**

119.    Paragraph 119 is an incorporation-by-reference paragraph for which no response is required. To the extent a response is deemed required, Defendants incorporate their responses to all prior allegations in the Complaint as if set forth fully herein.

120.    The allegations in Paragraph 120 of the Complaint purport to characterize the law and a judicial decision, which speak for themselves, and contain legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations to the extent they are inconsistent with the law and cited judicial decision.

121.    The allegations in Paragraph 121 of the Complaint purport to characterize the law

and judicial decisions, which speak for themselves, and contain legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations to the extent they are inconsistent with the law and judicial decisions.

122. The allegations in Paragraph 122 of the Complaint purport to characterize the law and judicial decisions, which speak for themselves, and contain legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations to the extent they are inconsistent with the law and judicial decisions.

123. The allegations in Paragraph 123 of the Complaint purport to characterize the law and a judicial decision, which speak for themselves, and contain legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations to the extent they are inconsistent with the law and judicial decision.

124. The allegations in Paragraph 124 of the Complaint contain legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 124.

125. The allegation in Paragraph 125 of the Complaint is a legal conclusion to which no response is required. To the extent a response is deemed required, Defendants deny the allegation in Paragraph 125.

126. The allegations in Paragraph 126 of the Complaint purport to characterize the law and a judicial decision, which speak for themselves, and contain legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations to the extent they are inconsistent with the law and judicial decision.

127. The allegations in Paragraph 127 of the Complaint contain legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the

allegations in Paragraph 127.

## SECOND CLAIM FOR RELIEF
### [Alleged] Federal Preemption Under the Supremacy Clause, U.S. Const. art. VI, cl. 2

128.    Paragraph 128 is an incorporation-by-reference paragraph for which no response is required. To the extent a response is deemed required, Defendants incorporate their responses to all prior allegations in the Complaint as if set forth fully herein.

129.    The allegations in Paragraph 129 of the Complaint purport to characterize the law and judicial decisions, which speak for themselves, and contain legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations to the extent they are inconsistent with the law and cited judicial decisions.

130.    The allegations in Paragraph 130 of the Complaint purport to characterize the law and a judicial decision, which speak for themselves, and contain legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations to the extent they are inconsistent with the law and cited judicial decision.

131.    The allegations in Paragraph 131 of the Complaint purport to characterize the law and judicial decisions, which speak for themselves, and contain legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations to the extent they are inconsistent with the law and cited judicial decisions.

132.    The allegations in Paragraph 132 of the Complaint contain legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 132.

133.    The allegations in Paragraph 133 of the Complaint contain legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 133.

134.    The allegations in Paragraph 134 of the Complaint contain legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 134.

135.    The allegations in Paragraph 135 of the Complaint purport to summarize the law, which speaks for itself, and contain legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations to the extent that they are inconsistent with the law.

136.    The allegations in Paragraph 136 of the Complaint purport to characterize the law and a judicial decision, which speak for themselves, and contain legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations to the extent they are inconsistent with the law and cited judicial decision.

137.    The allegations in Paragraph 137 of the Complaint purport to characterize the law and judicial decisions, which speak for themselves, and contain legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations to the extent they are inconsistent with the law and cited judicial decision.

138.    The allegations in Paragraph 138 of the Complaint contain legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 138.

139.    The allegations in Paragraph 139 of the Complaint purport to characterize a statute and judicial decisions, which speak for themselves, and contain legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 139.

140.    The allegations in Paragraph 140 of the Complaint purport to characterize a statute

and judicial decisions, which speak for themselves, and contain legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations to the extent they are inconsistent with the statute and cited judicial decisions and deny that the challenged North Dakota law is preempted by federal law.

141. The allegations in Paragraph 141 of the Complaint purport to characterize a statute and judicial decisions, which speak for themselves, and contain legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations to the extent they are inconsistent with the statute and cited judicial decisions.

142. The allegation in Paragraph 142 of the Complaint contains legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegation in Paragraph 142.

143. The allegations in Paragraph 143 of the Complaint purport to characterize H.B. 1473 and contain legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 143.

144. The allegations in Paragraph 144 of the Complaint contain legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 144.

145. The allegations in Paragraph 145 of the Complaint contain legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 145. The final sentence of Paragraph 145 also appears to be an incomplete sentence fragment and does not identify what it alleges to be "North Dakota's problem" caused by or connected with the "340B statu[t]e." To the extent a response is deemed required for that incomplete sentence fragment, Defendants deny that North Dakota has a "problem."

146.    The allegations in Paragraph 146 of the Complaint contain legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 146.

147.    The allegations in Paragraph 147 of the Complaint purport to summarize a statute, which speaks for itself, and contain legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 147.

148.    The allegations in Paragraph 148 of the Complaint purport to summarize the laws of various other states and an article, which speak for themselves, and contain legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations to the extent that they are inconsistent with the cited materials and deny the allegations to the extent they allege or suggest that H.B. 1473 is unconstitutional.

### THIRD CLAIM FOR RELIEF
### [Alleged Violation of] Due Process Clause, U.S. Const. art. XIV

149.    Paragraph 149 is an incorporation-by-reference paragraph for which no response is required.  To the extent a response is deemed required, Defendants incorporate their responses to all prior allegations in the Complaint as if set forth fully herein.

150.    The allegations in Paragraph 150 of the Complaint purport to summarize the law and judicial decisions, which speak for themselves, and contain legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations to the extent that they are inconsistent with the law and cited judicial decisions.

151.    The allegations in Paragraph 151 of the Complaint contain legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 151.

152.    Defendants lack sufficient information or knowledge to admit or deny the

allegations in the second and third sentences of Paragraph 152 of the Complaint. The remaining allegations in Paragraph 152 of the Complaint contain legal conclusions to which no response is required. To the extent a response is deemed required the remaining allegation, Defendants deny the remaining allegations in Paragraph 152.

153.    The allegations in Paragraph 153 of the Complaint contain legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 153.

**FOURTH CLAIM FOR RELIEF**
**[Alleged Violation of] Commerce Clause, U.S. Const. art. 1 § 8**

154.    Paragraph 154 is an incorporation-by-reference paragraph for which no response is required.  To the extent a response is deemed required, Defendants incorporate their responses to all prior allegations in the Complaint as if set forth fully herein.

155.    The allegations in Paragraph 155 of the Complaint purport to summarize the law and judicial decisions, which speak for themselves, and contain legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations to the extent that they are inconsistent with the law and cited judicial decisions.

156.    The allegations in Paragraph 156 of the Complaint purport to summarize the law and judicial decisions, which speak for themselves, and contain legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations to the extent that they are inconsistent with the law and cited judicial decisions.

157.    The allegations in Paragraph 157 of the Complaint purport to summarize the law and judicial decisions, which speak for themselves, and contain legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations to the extent that they are inconsistent with the law and cited judicial decisions.

158.    The allegation in Paragraph 158 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is deemed required, Defendants deny the allegation in Paragraph 158.

159.    The allegations in Paragraph 159 of the Complaint contain legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 159.

160.    The allegations in Paragraph 160 of the Complaint contain legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 160.

161.    The allegation in Paragraph 161 of the Complaint contains legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegation in Paragraph 161.

162.    The allegation in Paragraph 162 of the Complaint contains legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegation in Paragraph 162.

163.    Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 163 of the Complaint.

164.    The allegations in Paragraph 164 of the Complaint contain legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 164 of the Complaint.

165.    The allegations in Paragraph 165 of the Complaint contain legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 165 of the Complaint.

166.    The allegations in Paragraph 166 of the Complaint contain legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 166 of the Complaint.

167.    The allegations in Paragraph 167 of the Complaint purport to summarize a publication, which speaks for itself, and contain legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations to the extent they are inconsistent with the cited the publication and otherwise deny any remaining allegations contained in Paragraph 167 of the Complaint.

168.    The allegations in Paragraph 168 of the Complaint contain legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 168.

169.    The allegations in Paragraph 169 of the Complaint contain legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 169 and deny that the quoted language supports any conclusion that the challenged law has unconstitutional extraterritorial effect.

170.    The allegations in Paragraph 170 of the Complaint contain legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 170.

171.    The allegations in Paragraph 171 of the Complaint contain legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 171.

## [COMPLAINT'S] PRAYER FOR RELIEF

172.    No response is required for the Complaint's prayer for relief. To the extent a

response is deemed required, Defendants deny that Plaintiffs are entitled to any of the relief sought in the Complaint.

## **AFFIRMATIVE DEFENSES**

### **FIRST AFFIRMATIVE DEFENSE**
### **Failure to State a Claim**

173.    The Complaint, and each and every claim alleged therein, fails to state a claim on which relief can be granted.

### **ADDITIONAL AFFIRMATIVE DEFENSES**

174.    Defendants reserve any and all rights to assert additional affirmative defenses as they may become known or discovered.

### **DEFENDANTS' PRAYER FOR RELIEF**

175.    Defendants request that this Court enter judgment that:

A.  Denies the claims asserted in Plaintiffs' Complaint; and

B.  Awards Defendants any other relief as the Court deems just and proper.


Dated: May 02, 2025                    Respectfully submitted,

                                       DREW H. WRIGLEY
                                       Attorney General of North Dakota

                                       /s/ *Philip Axt*
ROBERT T. SMITH                        PHILIP AXT
Special Assistant Attorney General     Solicitor General
1919 Pennsylvania Ave., N.W., Suite 800   600 E. Boulevard Ave., Dept. 125
Washington, DC 20006                   Bismarck, ND 58505
Tel: (202) 625-3616                    Tel: (701) 328-2210
Email: robert.smith1@katten.com        Email: pjaxt@nd.gov


*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on May 2, 2025, I electronically filed the foregoing answer and affirmative defense with the Clerk of this Court using the CM/ECF system, and counsel for all parties will be served by the CM/ECF system.

/s/ Robert T. Smith
ROBERT T. SMITH
Special Assistant Attorney General
*Counsel for Defendants*