| | |
|---|---|
| AbbVie Inc. et al._____Plaintiffs,<br><br>vs.<br><br>Drew Wrigley, in his official capacity as the Attorney General of North Dakota, et al.,<br>_____Defendants. | Case No. 1:25-cv-00081 |
| Astrazeneca Pharmaceuticals LP,<br>_____Plaintiff,<br><br>vs.<br><br>Drew Wrigley, in his official capacity as the Attorney General of North Dakota, et al.,<br>_____Defendants. | Case No. 1:25-cv-00182 |
| Pharmaceutical Research and Manufacturers of America,<br>_____Plaintiff,<br><br>vs.<br><br>Drew Wrigley, in his official capacity as the Attorney General of North Dakota, et al.,<br>_____Defendants. | Case No. 1:25-cv-00204 |

**ORDER FOR ADDITIONAL BRIEFING**

- 1 -

[¶ 1] THIS MATTER comes before the Court on several Motions and Cross-motions for Summary Judgment and Judgment on the Pleadings, which have been fully briefed in these consolidated cases. Case No. 1:25-cv-00081, Doc. Nos. 28, 31, 48, 49, 52; Case No. 1:25-cv-00204, Doc. Nos. 15, 21, 23, 38, 39, 42; Case No. 1:25-cv-00182, Doc. Nos. 30, 47, 52. A motion hearing is scheduled for March, 26, 2026. Doc. No. 56. The Court has reviewed the briefing on file and additional briefing is necessary on two issues.

[¶ 2] First, the issue of standing is not raised in this case but has been an issue in several cases across the country. Standing is a threshold jurisdictional issue the Court must resolve before reaching the merits of any case. See Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992). While there is Eighth Circuit precedent involving some of the plaintiffs, that case did not discuss the issue of standing. See PhRMA v. McClain, 95 F.4th 1136 (8th Cir. 2024). In some districts, standing has been challenged for being at the pre-enforcement stage of these new statutes. See Novartis Pharmaceuticals Corp. v. Frey, Case No. 1:25-cv-00407-JCN, 2025 WL 2813787, at *6 (D. Maine Sept. 23, 2025) (finding lack of standing at the preliminary injunction standard); AbbVie Inc. Skrmetti, Case No. 3:25-cv-00519, 2025 WL 1805271, at *11 (M.D. Tenn. June 30, 2025) (finding standing at the preliminary injunction standard). Other courts have focused on the injury requirement. See AbbVie Inc. v. Bailey, Case No. 4:24-cv-00996-SRC, 2025 WL 1918948, at *8–*9 (E.D. Mo. July 11, 2025).

[¶ 3] The Court would like all Parties to address standing, including if any enforcement has occurred since the statute went into effect July 1, 2025. See N.D.C.C. § 43-15.3-08. Plaintiffs may jointly brief if they prefer, since many of the arguments would be similar; however, each may file separately if they desire.

[¶ 4]   Second, the Court would like the Parties to brief or give additional evidence specific to North Dakota. Much of the current briefing relies on national statistics and estimations. However, some of this information is irrelevant due to North Dakota's long-standing laws on pharmacy ownership. See, e.g., Doc. No. 31-8, Walgreens 340B Contract Pharmacy Services Agreement. There are no Walgreens pharmacies in the State, and therefore, their contract is not helpful to the Court in determining if North Dakota pharmacies act as agents for covered entities or if they keep title to the medications. See McClain, 95 F.4th at 1142 (holding that the law is a delivery law in part because pharmacies are agents and do not hold title to the medication). The Court would like more information on the structure of the system in North Dakota and if the lack of widespread pharmacy chains affects the impact of the law.

[¶ 5]   Accordingly, the Court **ORDERS** additional briefing by all Parties on the issue of standing, specifically enforcement and injury, and the issue of specific data on the impact in North Dakota. Briefing shall be submitted simultaneously by **March 23, 2026.** No Reply briefs are requested. Replies may be made at the hearing, where post-hearing briefing may also be requested. The Court will add the issue of standing at the beginning of the agenda adopted previously. Doc. Nos. 63–64.

[¶ 6]   **IT IS SO ORDERED.**

DATED March 10, 2026.

Daniel M. Traynor, District Judge
United States District Court