**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| ABBVIE INC. (a Delaware corporation); ALLERGAN, INC. (a Delaware corporation); DURATA THERAPEUTICS, INC. (a Delaware corporation); ABBVIE PRODUCTS LLC (a Georgia limited liability company); PHARMACYCLICS LLC (a Delaware limited liability company); ALLERGAN SALES, LLC (a Delaware limited liability company),<br><br>    *Plaintiffs*,<br>  v.<br><br>DREW H. WRIGLEY, in his official capacity as ATTORNEY GENERAL OF THE STATE OF NORTH DAKOTA,<br><br>and<br><br>TANYA L. SCHMIDT, in her official capacity as BOARD PRESIDENT OF THE NORTH DAKOTA BOARD OF PHARMACY; and CAROLYN BODELL, TYLER G. LANNOYE, SHANE R. WENDEL, KEVIN J. OBERLANDER, DIANE HALVORSON, and RON HORNER, in their official capacities as MEMBERS OF THE NORTH DAKOTA BOARD OF PHARMACY; and MARK J. HARDY, in his official capacity as EXECUTIVE DIRECTOR OF THE NORTH DAKOTA BOARD OF PHARMACY.<br><br>    *Defendants*. | No. 1:25-cv-00081 |

**ABBVIE'S NOTICE OF SUPPLEMENTAL AUTHORITY**

AbbVie respectfully submits this Notice of Supplemental Authority regarding the amicus

brief of the United States of America in *AbbVie Inc. v. Weiser*, No. 25-1439, Dkt. 30 (10th Cir.

2026), filed in support of AbbVie's Supremacy Clause challenge to Colorado's H.B. 1473 analog.

1

Ex. 1.  The United States filed a similar brief in *PhRMA v. Neronha*, No. 26-1039 (1st Cir. Feb. 25, 2026).  Like AbbVie, the United States takes the position that state-340B laws, like H.B. 1473, unlawfully discriminate against participants in a federal scheme.  Ex. 1 at 1; *see also* Doc. 29 at 17; Doc. 48 at 4-7.  The United States's reasoning supports granting AbbVie's Motion for Summary Judgment and denying Defendants' Motion for Summary Judgment.  *See generally* Docs. 28-29, 31-32, 48-49, 52; *see also Astra USA, Inc. v. Santa Clara County*, 563 U.S. 110, 120 (2011) (finding the federal government's amicus brief persuasive regarding the 340B Program).

 *First,* the United States agrees that laws like H.B. 1473 "impose[] additional conditions and burdens on participation in a federal program."  Ex. 1 at 11-14; Doc. 48 at 5.  They regulate by reference to federal law and single out the federal government's contractual counterparties for unique obligations.  In doing so, they violate the "often overlap[ping]" principles of intergovernmental immunity and preemption.  Ex. 1 at 11.  These principles arise from the Supremacy Clause, which does not allow the States to "discriminate against the Federal Government or those with whom it deals."  *United States v. Washington*, 596 U.S. 832, 838 (2022) (cleaned up).  As the United States explains, the "determination of what conditions to impose on 340B-participating manufacturers rests with Congress and HHS, not the States."  Ex. 1 at 17; *see also* Doc. 48 at 4-7 (advancing a similar argument).

 The States cannot justify their laws as regulations of pharmaceutical practice or public health.  As the United States explains, adjunct 340B laws "operate[] only within the 340B Program" because they apply only when a "prescription is dispensed to a 340B-eligible patient."  Ex. 1 at 19-22.  AbbVie agrees and has made the same argument.  *See* Doc. 48 at 14-16 ("North Dakota's law regulates the terms of an exclusively federal program (and only that [program]).").

***Second,*** the United States agrees with AbbVie that these laws are preempted for "arrogat[ing] to the State enforcement authority that properly belongs to the federal government alone." Ex. 1 at 15-16; *id.* (Colorado's law "supplants" Congress's "dispute-resolution scheme"); *see also* Doc. 29 at 18-22; Doc. 48 at 7-10. As AbbVie argued in support of summary judgment, a complaint against a manufacturer's contract-pharmacy policy is an "overcharge" complaint. Doc. 29 at 18-22 (citing 42 C.F.R. § 10.21(a)(1)). Such complaints belong only in HHS's ADR forum. *See* Ex. 1 at 15-16; Doc. 29 at 19-20. The States' contrary efforts are "act[s] of self-aggrandizement" that "conflict[] with the scheme Congress designed." Ex. 1 at 16.

***Third,*** the United States believes that the 340B Program relies on voluntary participation, which makes state 340B laws *more* objectionable. *Cf.* Doc. 52 at 20-21. "Congress properly determines what conditions should attach to 340B Program participation, and [North Dakota] is not free to supplement that scheme." Ex. 1 at 17-18. State 340B laws upset the delicate balance struck under the 340B Program by imposing massive additional costs on manufacturers and thus "risk disincentivizing Medicare and Medicaid participation" by manufacturers—to the potential detriment of millions of patients. Ex. 1 at 16-18; Doc. 48 at 7. AbbVie argued the same point. Doc. 48 at 17.

***Fourth***, although the federal government's brief did not address AbbVie's Takings Clause claim, it recognized that state-law burdens are not among the conditions manufacturers voluntarily accept when joining the federal Program: "Only the federal government can determine" which "conditions to impose on 340B-participating manufacturers" and "the extent to which it will tolerate the risk of manufacturer withdrawal." *See* Ex. 1 at 17; *see also id.* at 13-14. This insight undermines North Dakota's argument that H.B. 1473 is not a taking because AbbVie voluntarily participates in the 340B Program. Doc. 48 at 17, 19-21.

3

*Fifth*, the United States in its brief recognized that several appellate courts have "erred in failing to hold … state enactments preempted" when they "discriminate against the federal government or those with whom it does business." Ex. 1 at 19-20.  For example, the United States noted that "[t]he Eighth Circuit concluded that Congress left room for States to regulate alongside the 340B Program because States traditionally regulate pharmacies." *Id.* at 21.  But that conclusion lacked "the benefit of the federal government's views" and thus misunderstood that State laws targeting contract-pharmacy arrangements do "not regulate the safety of prescription drugs or pharmacy operations or even state contracts" because such laws "operate[] only within the 340B Program." *Id.* at 19-20 & n.7.  In *Fitch* and *Murrill*, the United States explained, the Fifth Circuit made similar mistakes. *Id.* at 22.

AbbVie respectfully requests that this Court consider the amicus brief of the United States of America in *AbbVie Inc. v. Weiser* when ruling on the parties' cross motions for summary judgment.  The United States's brief addresses several key questions in this case and was filed after the briefing deadlines in this action had expired.

Dated: March 18, 2026

Respectfully submitted,

*/s/ Matthew S. Owen, P.C.*
Matthew S. Owen, P.C.
K. Ross Powell
Meredith M. Pohl
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue N.W.
Washington, D.C. 20004
Telephone: (202) 389-5000
Email: matt.owen@kirkland.com
         ross.powell@kirkland.com
         meredith.pohl@kirkland.com

Benjamin J. Sand
CROWLEY FLECK PLLP
100 West Broadway, Suite 250
Bismarck, ND 58501
Telephone: (701) 223-6585
Email: bsand@crowleyfleck.com