**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| AbbVie Inc. et al.<br><br>Plaintiffs,<br><br>vs.<br><br>Drew Wrigley, in his official capacity as the Attorney General of North Dakota, et al.,<br><br>Defendants. | Case No. 1:25-cv-00081 |
| AstraZeneca Pharmaceuticals LP,<br><br>Consolidated Plaintiff,<br><br>vs.<br><br>Drew Wrigley, in his official capacity as the Attorney General of North Dakota, et al.,<br><br>Defendants. | Case No. 1:25-cv-00182 |
| Pharmaceutical Research and Manufacturers of America,<br><br>Consolidated Plaintiff,<br><br>vs.<br><br>Drew Wrigley, in his official capacity as the Attorney General of North Dakota, et al.,<br><br>Defendants. | Case No. 1:25-cv-00204 |

**ORDER DENYING MOTION TO STAY JUDGMENT PENDING APPEAL**

- 1 -

[¶ 1]    THIS MATTER comes before the Court on a Motion for Stay of Judgment Pending Appeal filed by North Dakota on July 7, 2026. Doc. No. 94. AbbVie Inc., AbbVie Products LLC (collectively, "AbbVie"), and Pharmaceutical Research and Manufacturers of America ("PhRMA") filed their Responses on July 21, 2026. Doc. Nos. 95–96.  North Dakota filed a Reply on July 22, 2026. Doc. No. 97. For the reasons stated below, the Motion is **DENIED.**

**DISCUSSION**

[¶ 2]    The Court granted, in part, Summary Judgment and a permanent injunction to Plaintiffs on April 27, 2026. Doc. No. 83. North Dakota appealed on April 29, 2026. Doc. No. 85. North Dakota did not seek a stay at that time. The State argues three things have prompted the request: the Eighth Circuit's decision in Novartis v. Hanaway, upholding a similar Missouri law; PhRMA v. McCuskey in the Fourth Circuit, which the Court had found persuasive, was vacated en banc and is in the process of being reheard; and the Fifth Circuit's AbbVie Inc. v. Murrill decision was denied a rehearing en banc but the panel updated its opinion to add a denouncement of the Spending Clause argument. Doc. No. 94-1; see also Novartis v. Hanaway, --- F.4th ----, 2026 WL 1892141 (8th Cir. 2026); PhRMA v. McCuskey, 176 F.4th 830 (4th Cir. 2026) (mem) (granting en banc hearing); AbbVie Inc. v. Murrill, --- F.4th ----, 2026 WL 1947948 (5th Cir. 2026) (substituting opinion).

[¶ 3]    AbbVie and PhRMA object to the stay. AbbVie argues Hanaway, McCuskey, and Murrill do not address the arguments of this Court's order, and only one is binding. Doc. No. 95. PhRMA argues the two-and-a-half-month delay in seeking the stay negates the State's claim of harm. Doc. No. 96.

[¶ 4]    A stay is granted if there is (1) a strong showing of likelihood of success on the merits, (2) irreparable harm, (3) no substantial harm to other parties, and (4) an interest to the public. Nken v.

Holder, 556 U.S. 418, 434 (2009). A stay is "an exercise of judicial discretion," and "[t]he propriety of its issue is dependent upon the circumstances of the particular case." Id. at 433 (quoting Virginian Ry. Co. v. United States, 272 U.S. 658, 672–73 (1926)). The Court does not find these factors support a stay in this particular case.

[¶ 5]    First, stark differences exist between the Missouri law analyzed in Hanaway and North Dakota's. The most prominent difference is the criminal penalties attached to a violation in North Dakota. Compare MO. REV. STAT. § 407.010–030, with N.D.C.C. § 43-15.3-08(3). As the Court held in its Order on Summary Judgment:

> State laws like North Dakota's inhibit the ability of the government to exercise its spending power by deterring manufacturers from participating in the program. Doc. Nos. 28-18, ¶ 32; 70-1, ¶ 2 (both noting Bausch Health withdrew from the 340B program in October 2025). This inhibition is especially strong when North Dakota, unlike other states, adds criminal penalties and makes violations a class B misdemeanor. N.D.C.C. §§ 43-15.3-08, 12.1-32-01(6). Manufacturers are forced to decide between violation of a state law or participation in a federal program with additional costs, which amount to the millions. AbbVie estimates North Dakota's change to its participation in the 340B program cost the company $10 million in 2025 and will cost another $35 million in 2026 in discounted sales it would not make but for the law. Doc. No. 75, ¶ 9. This added cost and interference constitutes an impermissible insertion into a federal program that Congress did not invite.

Doc. No. 83, ¶ 53. North Dakota's law is harsher than Missouri's. Additionally, based on the Court's reading of Hanaway, Missouri considered its statute a delivery statute, whereas North Dakota considers its law as regulating price. North Dakota created its law to directly regulate "pre-sale conditions" of "drugs *available to be purchased* at 340B program prices." Doc. No. 31-1, p. 54. Therefore, the Court is not persuaded that Hanaway and the out-of-circuit rulings prove a success on the merits for North Dakota.

[¶ 6]    Second, an injunction from enforcing a lawful statute is a form of irreparable injury to a state. Tincher v. Noem, 164 F.4th 1097, 1100 (8th Cir. 2026). However, "if a statute is unconstitutional on its face, the State may not enforce the statute under any circumstances."

Schickel v. Dilger, 925 F.3d 858, 865–66 (6th Cir. 2019) (citation omitted). This Court has held North Dakota is not likely to succeed on the merits, and therefore, the law remains unconstitutional. Thus, the State has no harm weighing in favor of a stay.

[¶ 7]    Third, "there can be little harm to other parties where . . . 'a stay preserves the status quo . . . .'" Org. for Black Struggle v. Ashcroft, 978 F.3d 603, 609 (8th Cir. 2020) (quoting New Ga. Project v. Raffensperger, No. 20-13360, 976 F.3d 1278, 1284 (11th Cir. Oct. 2, 2020)). Here, there have been two and a half months where the law was enjoined. Staying the injunction would not preserve the status quo; it would just upend it again. "[W]hile the loss of money is not typically considered irreparable harm, that changes if the funds 'cannot be recouped' and are thus 'irrevocably expended.'" NIH v. Am. Pub. Health Ass'n, 145 S. Ct. 2658, 2659 (2025) (quoting Philip Morris USA Inc. v. Scott, 561 U.S. 1301, 1304 (2010) (Scalia, J., in chambers)). The harm to the Plaintiffs reaches into the millions that cannot be recouped.

[¶ 8]    Fourth, the Court previously held there was not "sufficient evidence that the public interest will be affected by the injunction" because there is no statutory mandate on how the funds are spent and invalidating the law does not change the price paid by the public for their prescriptions. Doc. No. 83, ¶ 73. North Dakota has not submitted any evidence to state that programs in North Dakota have adversely affected North Dakotans in the last two and a half months since the injunction was implemented. Therefore, the public interest factor does not weigh in favor of a stay.

## **CONCLUSION**

[¶ 9]    Based on the foregoing, the Court finds North Dakota has not met its burden. The Court **DENIES** the Motion to Stay Judgment Pending Appeal (Doc. No. 94).

- 5 -

[¶ 10]  **IT IS SO ORDERED**.

DATED July 27, 2026.

Daniel M. Traynor, District Judge
United States District Court